**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4327**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

  v.

JARRED BARCLAY,

      Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:11-cr-00044-GMG-RWT-3)

Submitted:  November 17, 2016   Decided:  November 21, 2016

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, Anna Zartler Krasinski, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarred Barclay appeals from the order revoking his supervised release and imposing a 14-month sentence. Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief stating that there are no meritorious issues for appeal, but questioning whether Barclay's sentence was plainly unreasonable. The Government has declined to file a brief and Barclay was notified of his right to file a pro se informal brief, but he has not done so. We affirm.

We discern no error in the district court's decision to impose a 14-month sentence. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. § 3583(e) (2012) and 18 U.S.C. § 3553(a) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7

advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

We have carefully reviewed the record and Anders brief and conclude that Barclay's sentence is not plainly unreasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment order. This court requires that counsel inform Barclay, in writing, of the right to petition the Supreme Court of the United States for further review. If Barclay requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barclay. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED